# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTEN K. SMITH, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 11-366-FHS-KEW |
| JUSTIN JONES, DOC Director, | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, alleges his sentences in Atoka County District Court Case Nos. CF-2010-71, CF-2011-72, and CF-2011-73 were outside the statutory ranges of punishment under Oklahoma law. The respondent asserts petitioner has failed to exhaust the state court remedies for his claims. Petitioner has not responded to the motion.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

The record indicates petitioner pleaded guilty to all three cases at issue, and Judgments and Sentences were entered on November 4, 2011. He did not move to withdraw

his pleas, file an appeal, or file any requests for post-conviction relief. Instead, he filed a petition for a writ of mandamus with the Court of Criminal Appeals, but jurisdiction was declined in *Smith v. State*, No. MA-2011-785 (Okla. Crim. App. Sept. 26, 2011). Such submission of a claim to the State's highest court on discretionary review, however, does not constitute a fair presentation of the claim for habeas exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Therefore, petitioner has not exhausted his habeas corpus claims.

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus for failure to exhaust state court remedies [Docket No. 9] is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 30th day of July, 2012.

Frank H. Seay
United States District Judge